03 February 2015

Lyle Cayce, Clerk
Fifth Circuit Court of Appeals
600 S. Maestri Place
New Orleans, LA 70130


Re: McCaig v. Wells Fargo
    Cause No. 2:11-cv-00351

Dear Mr. Cayce;

   Please consider this a supplementation pursuant to the Federal Rules of Appellate Procedure, Rule 28(j).

   1. *Chapman Homes*
A significant new decision has been issued by the Texas Supreme Court, clarifying the role of the "economic loss" rule in cases like the case at bar. This decision is found at: *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W. 3d 716 (Tex. 2014).

   The holding in the Chapman case, that "a party states a tort claim when the duty allegedly breached is independent of the contractual undertaking, and the harm suffered is not merely the economic loss of a contractual benefit" *Id., at *2*, applies to Appellees argument, Issue 1(e), pages 15 – 18 of the Appellees' Brief. This holding controverts Appellants Reply Brief and argument, Issue B.4, pages 9 – 10. The Texas Supreme Court has curtailed the application of the "economic loss" rule in cases such as this, where there is a distinct and separate duty, and a distinct and separate loss.

In accord: *JPMorgan Chase Bank, N.A. v. Professional Pharmacy II*, ___S.W.3d ___, 2014 WL 7473779 (Tex.App.-Fort Worth 2014, no pet history)

2. *Long v. Griffin*, 442 S. W. 3d 253 (Tex. 2014).
This case concerned the sufficiency of affidavits offered as evidence of attorneys fees using the *Lodestar* method. The Texas Supreme Court additionally held that "attorneys may reconstruct their work to provide the trial court with sufficient information…", because contemporaneous records may not exist. *Long*, 442 S.W. 3d at 256.

This holding controverts Appellant's Brief and argument, Issue H, page 60 – 61. The Texas Supreme Court re-affirms that, even under the Lodestar doctrine, when contemporaneous documentation is not available, an attorney's testimony reconstructing the work involved is sufficient.

In accord: *Myers v. Southwest Bank*, Not Reported in S.W. 3d, 2014 WL 7009956, *6 – 8 (Tex. App. – Ft. Worth 2014, no pet history); *Jamshed v. McLane Express, Inc.*, ___ S.W. 3e ___, 2014 WL 5794613, *8 – 10 (Tex. App. – El Pasto 2014, no pet history); *Finley v. Finley*, Not Reported in S.W. 3d, 2015 WL 294012, *7 – 8 (Tex App – Ft. Worth 2015, no pet history).

3.  *Fontenot v. McCraw*, ___ F. 3d ___, 2015 WL 304151 (5th Cir. 2015).
This case concerned the violation of reporting requirements concerning driving licenses. This court held, as the parties acknowledged, that "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the alleged wrongful behavior could not reasonably be expecte to recur." *Fontenot,* at *3.

This holding controvers Appellant's contention that the McCaigs were merely "frustrated that Wells Fargo corrected the mistakes it made…" (Reply brief page 5); and that the McCaig's damages were merely disappointed with Wells's Fargo's performance. (Appellant's brief, pages 24 – 26). Under this doctrine, Wells Fargo had the burden of persuasion concerning whether their voluntary compliance after suit had been filed mooted the claims. The jury did not agree.

4.  *Porterfield v. JP Morgan Chase*, Not Reported in F. Supp, 2014 WL 3587783, *16-17, *20, *21-23 (W.D. Tex 2014) ,
This case concerns a foreclosure under a judgment lien. The parties filed crossing motions for summary judgment on many legal issues. Materially, the Court held that the Plaintiffs were entitled to notice of foreclosure because of their judgment lien which created privity. The Plaintiffs also had a forebearance agreement.
The Court further expressly addressed whether the Plaintiffs had standing under the Texas Debt Collection Act.  The Court held: "…the remedies the TDCA affords are not limited to the actual parties to a consumer transaction (citation omitted), and any person against whom the prohibited acts are committed may maintain an action…" *Porterfield,* at *21-23.

This holding controverts Appellants contention that the McCaig's had no standing. (Appellant's brief, Paragraph C, pages 33 – 36).

In accord: *Bitterroot Holdings, LLC v. MTGLQ Investors, LP,* No Reported in F. Supp, 2015 WL 363196, *7 (W.D. Tex, 2015).

5. *Jimoh v. Nwogo*, Not Reported in S.W. 3d, 2014 WL 7335158, *5 – 7 (Tex. App. – Houston [1st Dist] 2014, no pet history).

This was a suit for breach of contract. Attorneys fees awarded exceeded the damages incurred. The Court held that …"there is no legal rule that an attorney's fees award may not exceed a damages award…" *Jimoh*, at *6.

This holding controverts Appellants contention that the attorney's fee award was excessive. (Appellants brief, paragraph H).

6. *Eastman Chemical Co. v. Platipure, Inc.*, ___ F. 3d ___, 2014 WL 7271384 (5th Cir. Tex).

This was a defamation suit brought under the Lanham Act. In this case the Court reiterates the standards of review for judgment as a matter of law, and the standard of review for erroneous submission of jury instructions. "…a litigant cannot obtain judgment as a matter of law unles the facts and inferences point so strongly and overwhelmingly in the movan't favor that reasonable jurors could not reach a contrary conclusion…" *Eastman Chemical*, at *5. Appellants should explain "how the instruction affected the outcome of the case." *Eastman Chemical*, at *8.

These holdings controvert the more lax wording of the standards of review utilized by Wells Fargo in its briefing.

    Thanking you for your many courtesies.

                                    Sincerely,

                                    /s/ *Savannah Robinson*
                                    Savannah Robinson

Cc: W. Scott Hastings
Locke Lord
2200 Ross Ave., Suite 2200
Dallas, TX 75201
FAX: 214-756-8537