

# Locke Lord LLP

Attorneys & Counselors

2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: 214-740-8000
Fax: 214-740-8800
www.lockelord.com

W. Scott Hastings
Direct Telephone: 214-740-8537
Direct Fax: 214-756-8537
shastings@lockelord.com

February 6, 2015

Mr. Lyle W. Cayce
Clerk, U.S. Fifth Circuit Court of Appeals
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

Re:   Wells Fargo Bank, N.A. v. David McCaig, Individually and as the Representative of the Estate of Allie Vida McCaig; Marilyn McCaig; No. 14-40114

      Submission of Supplemental Authorities under Fed. R. App. P. 28(j)

Dear Mr. Cayce:

This letter of supplemental authorities is in response to questions raised during oral argument regarding the sufficiency of Wells Fargo's objections to the submission of Question 4 in the jury charge. Wells Fargo objected to the submission of each substantive theory in Question 4 during the jury charge conference (ROA.5823) and renewed its objections post-trial (see ROA.4074-4075).

In *Pan Eastern Exploration Company, Inc. v. Hufo Oils*, the Court said it was "a close and difficult question" whether a specific objection to the form of a question was required when multiple theories were submitted in a single question, or whether an objection to the substantive submission of the theories was sufficient to preserve a request for a new trial. 855 F.2d 1106, 1123-25 (5th Cir. 1988). This Court revisited that issue in *Wellogix, Inc. v. Accenture, L.L.P.*, but once again did not decide the question because no objection had been made. 716 F.3d 867, 878 (5th Cir. 2013). *Wellogix* lists several ways an objection might have been made, but does not specify what is required to preserve the issue. *Id.*

After *Pan Eastern*, Texas state courts addressed this issue and concluded an objection to the form of the question was unnecessary if an objection to the substance was made. See *Thota v. Young*, 366 S.W.3d 678, 689-91 (Tex. 2012); *McFarland v. Boisseau*, 365 S.W.3d 449, 454-55 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Pan Eastern*).

February 6, 2015
Page 2

Several federal circuit courts go further and require no objection to the charge to preserve a request for new trial when a defective theory is included in a general verdict submission. See, *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 29-31 (1st Cir. 2004); *Bruneau ex rel. Schofield v. South Kortright Central School District*, 163 F.3d 749, 759 (2d Cir. 1998), *abrogated on other grounds, Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009); *New York Marine & Gen. Ins. Co. v. Continental Cement Co.*, 761 F.3d 830, 836 (8th Cir. 2014).

Very truly yours,

W. Scott Hastings

WSH/rlh

cc:   Savannah Lina Robinson